NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 4 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KENTRELL D. WELCH, | No. 22-17017 |
| Plaintiff-Appellant, | D.C. No. 3:20-cv-00079-MMD-CLB |
| v. | |
| ISIDRO BACA, Warden; LISA WALSH; BARTTLETT; IRVIN; J. MCCANE DUNBAR; HANNAH; GERBALDI; HUGHES; STATE OF NEVADA EX REL DEPARTMENT OF CORRECTIONS; WICKHAM; BORROWMAN; HARTMAN; ROWLEY; RIVERA; SANDOVAL; GITTERE; REUBART; DRUMMOND, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted May 29, 2024**

Before:    FRIEDLAND, BENNETT, and SANCHEZ, Circuit Judges.

Nevada state prisoner Kentrell D. Welch appeals pro se from the district

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

court's summary judgment in his 42 U.S.C. § 1983 action alleging First Amendment retaliation and access-to-courts claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment on Welch's retaliation claim because Welch failed to raise a genuine dispute of material fact as to whether defendant Irvin took an adverse action against Welch based on Welch's protected conduct. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth elements of a retaliation claim in the prison context).

The district court properly granted summary judgment on Welch's access-to-courts claim because Welch failed to raise a genuine dispute of material fact as to whether defendants caused an actual injury affecting his ability to file a claim. *See Lewis v. Casey*, 518 U.S. 343, 356 (1996) (setting forth elements of an access-to-courts claim and actual injury requirement).

We reject as unsupported by the record Welch's contentions of judicial bias.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

22-17017

Welch's motion for "optional reply with appellate brief" (Docket Entry No. 21) is denied.

**AFFIRMED.**